**Adrian Wayne STACEY, et al., Plaintiffs,**

v.

**CATERPILLAR, INC., Defendant.**

Civ. A. No. 93–241.

United States District Court,
E.D. Kentucky.

Oct. 17, 1995.

Alva A. Hollon, Jr., Howard A. Spier, Sams, Spier & Hollon, P.A., Miami Lakes, FL, for Adrian Wayne Stacey, Bettina Stacey.

William D. Grubbs, Peter Tassie, Woodward, Hobson & Fulton, Louisville, KY, for Caterpillar, Inc.

Timothy C. Wills, Vimont & Wills, Lexington, KY, for Big Elk Creek Coal Company, Inc.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This matter is before the Court upon the motion of Bob D. Balthis, a mine inspector with the United States Department of Labor, Mine Safety and Health Administration, to amend and reconsider the Order of United States Magistrate Judge Peggy E. Patterson. [Record No. 110]. Essentially, that Order denied Mr. Balthis' motion to quash the subpoena of the taking of his deposition. [Record No. 109].

Caterpillar, Inc. [Caterpillar] has filed a response [Record No. 113] to the motion to reconsider and Mr. Balthis has replied [Record No. 114].

## FACTUAL BACKGROUND

The central dispute in this action involves an accident on February 23, 1993, in which Adrian Stacey claims that the Caterpillar model 777B truck he was driving suffered a complete failure of the brake system as he was making a steep descent. Shortly after the accident, the 103–K Orders issued by the United States Department of Labor, Mine Safety and Health Administration [MSHA] were modified such that the truck could be taken to Whayne's Supply Company in Lexington to be disassembled and inspected. There is dispute between Mr. Balthis and Caterpillar as to whether MSHA ordered that this inspection be done or merely acquiesced.

Regardless, the truck was taken to Whayne's Supply Company, a factory authorized service representative and dealer for Caterpillar, and the necessary inspection completed. The record contains conflicting testimony as to the extent of Mr. Balthis' involvement in the disassembly and inspection.[1]

Although the plaintiff's expert, Lee Holcomb, was present at the disassembly and inspection, Caterpillar had no opportunity to send its own expert to observe as it was never notified of the event. After the inspection was completed the parts of the truck were sold to Global Parts & Equipment Company for salvage. As a result, further inspection of the critical brake components is impossible.

## STANDARD OF REVIEW

■ The appropriate procedure for a party to follow in disputing the order of a magistrate judge is to serve and file objections within 10 days after being served with the order. Fed.R.Civ.P. 72(a). The same procedure obtains where the magistrate judge tenders a report and recommendation for disposition. Fed.R.Civ.P. 72(b).

■ Mr. Balthis is not, however, a party to this action. Although the Rule 72 objection procedure applies only to "parties," Mr. Balthis clearly has an interest in the outcome of this discovery decision and is entitled to some form of review. Further, the discovery decision relates to a nondispositive matter the resolution of which had been referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). The same standard applies whether the Court reviews the decision pursuant to Rule 72(a) or 28 U.S.C. § 636(b)(1)(A) which provides in part that "A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law."

■ Mr. Balthis was not notified of this objection procedure and the preclusive effect of failing to comply with the same and, therefore, his right to appeal is not to be limited. *Miller v. Currie*, 50 F.3d 373, 380–381 (6th Cir.1995). Even so, within 10 days of being served with the order, Mr. Balthis filed his objections with the Court in the form of a motion to amend and reconsider. The Court construes Mr. Balthis' motion to amend and reconsider as objections to the magistrate judge's disposition of a nondispositive matter

---

**1.** Caterpillar maintains that testimony of others present and the written language of the MSHA report indicate that Mr. Balthis was in charge. Mr. Balthis, on the other hand, has filed an affidavit in which he contends he was present and asked questions but did not direct the examination.

and thus reviews the decision of the magistrate judge for clear error.

The Court agrees with Caterpillar that the decision of the magistrate judge to deny the motion to quash the subpoena for the taking of his deposition was not clearly erroneous. Further, finding that the record is still ambiguous as to the nature of Mr. Balthis' involvement in the inspection, the Court must deny the motion to amend.

## DISCUSSION

 There is no question as to the importance of the subject matter upon which Caterpillar seeks to depose Mr. Balthis. This products liability action may turn on the results of the disassembly and inspection of the truck. For some reason, the determination of which goes beyond the scope of the instant matter, Caterpillar did not have the opportunity to have its own expert observer present. The critical parts were subsequently sold for salvage and are now unavailable. As a result, Mr. Balthis' testimony regarding the results and methodology of the inspection is of the utmost importance to Caterpillar's case.

■ The Sixth Circuit has recently indicated that 5 U.S.C. § 301 is nothing more than a housekeeping statute and not a substantive rule regulating government disclosure. *In re Bankers Trust Co.*, 61 F.3d 465, 470 (6th Cir.1995). Where a party's interests in discovery of information held by the government or a government official outweigh the unique interests of the government, then section 301 must yield to discovery in the appropriate manner. *In re Bankers Trust Co.*, 61 F.3d at 470. Although the Court appreciates the legitimate and important interest of MSHA in shielding its employees from becoming involved in time consuming discovery so that they may properly do their jobs, in this instance that interest is outweighed by Caterpillar's need to obtain this critical information which is otherwise unavailable.[2] Therefore, the balancing test indicates that it was not in error to deny the

motion to quash and the motion to reconsider will be denied.

■ Having reviewed the record in light of the additional clarification provided in the memoranda relating to the motion to reconsider, the Court concludes that the role of Mr. Balthis in initiating and conducting the inspection is uncertain. Moreover, the role of Mr. Balthis is not central to the balancing test above but rather is collateral. Upon the record before the magistrate judge, she was suspicious of what had occurred. In the light of subsequent information which should have been brought to the court's attention in a timely fashion, those suspicions are less probable although not entirely foreclosed.

In denying the motion of Mr. Balthis to amend the Memorandum Opinion and Order of the magistrate judge to expunge any inference that Mr. Balthis somehow acted with "unclean hands," the Court does not take any position as to the propriety of this MSHA mine inspector's actions. Without conducting extensive investigations into this collateral matter, the record stands as ambiguous. Upon the record before her, the magistrate judge did no more than draw reasonable inferences not clearly erroneous or contrary to law which the Court will not expunge.

Accordingly,

**IT IS HEREBY ORDERED:**

(1) That the motion of Mr. Balthis to amend and reconsider the Memorandum Opinion and Order of United States Magistrate Judge Peggy E. Patterson [Record No. 110] SHALL BE CONSTRUED to be objections to the same.

(2) That the objections of Mr. Balthis to the Memorandum Opinion and Order of United States Magistrate Judge Peggy E. Patterson [Record No. 110] be, and the same hereby are, **OVERRULED.**

---

2. Contrary to the suggestion of Mr. Balthis, the fact that Whayne's Supply Company was an authorized dealer for Caterpillar does not seriously improve Caterpillar's impaired position.